IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDMOND DENTON REEVES**                                              **PETITIONER**

v.                                                 CIVIL ACTION NO. 1:19-CV-29-LG-JCG

**FRANK SHAW**                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Edmond Denton Reeves in January 2019. The Petition challenges Reeves' 2013 convictions for second degree murder, first degree arson, and possession of a firearm by a convicted felon. Respondent Frank Shaw has filed a Motion to Dismiss (ECF No. 6), asserting that Reeves' Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Reeves' Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. BACKGROUND

Reeves is a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC). In October 2012, a grand jury in George County, Mississippi, indicted Reeves for deliberate design murder, first degree, arson, and possession of a weapon by a convicted felon. (ECF No. 6-1). In October

1

2013, Reeves pleaded guilty to second degree murder, first degree arson, and possession of a firearm by a convicted felon. Reeves admitted that that he shot his father in the chest with a shotgun and in the head with a rifle. (ECF No. 7-2, at 17). Reeves admitted that he then burned the body and residence of the victim. *Id.* at 17-18. Reeves had previously been convicted in the State of Louisiana of vehicular manslaughter and acknowledged he was unlawfully in the possession of firearms. *Id.* at 17-18.

The George County Circuit Court sentenced Reeves to serve forty years without parole in the custody of MDOC for second degree murder, with fifteen years suspended and five years of post-release supervision. (ECF No. 6-3). The Circuit Court sentenced Reeves to serve fifteen years for arson and ten years for possession of a weapon by a convicted felon, with all sentences to run concurrently. *Id.*

Reeves filed a motion for postconviction relief in George County Circuit Court in October 2016. The Circuit Court denied the motion for postconviction relief in November 2016. Reeves appealed. The Mississippi Court of Appeals affirmed the Circuit Court's decision in March 2018. Reeves' requests for rehearing and certiorari review were denied. *See Reeves v. State,* 256 So. 3d 632 (Miss. Ct. App. 2018), *reh'g denied,* Aug. 7, 2018, *cert. denied,* Nov. 8, 2018.

Reeves filed the instant § 2254 Petition for federal habeas relief in January 2019. Respondent asserts that Reeves' Petition must be dismissed because it is barred by a one-year statute of limitations and neither statutory nor equitable tolling applies. Reeves contends that that the statute of limitations was tolled

because he filed a motion for postconviction relief in Circuit Court that was not fully exhausted until November 2018. Alternatively, Reeves contends that equitable tolling applies because his mental incompetency prevented him from timely filing a petition for federal habeas corpus relief.

## II. DISCUSSION

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu–Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir.1998). The AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida,* 560 U.S. 631, 646 (2010). A habeas petitioner is entitled to equitable tolling only if he shows " (1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal citations omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Miss. Code Ann. § 99–35–101. Reeves' conviction therefore became final on October 23, 2013, the date the Circuit Court's sentencing order was entered. Reeves' deadline for seeking federal habeas corpus relief was October 23, 2014 (October 23, 2013 + one year).

4

For statutory tolling to apply, Reeves was required to file a motion for postconviction relief in Circuit Court on or before October 23, 2014. Reeves did not file a motion for postconviction relief until October 2016. Thus, Reeves is not entitled to statutory tolling under § 2244(d)(2). *See Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("The mere existence of an application for state habeas relief does not, as the parties' stipulation suggests, prevent the one year period of limitation from beginning until the state application is finally decided"); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not filed until after the limitation period expired).

As for equitable tolling, Reeves maintains that mental incompetency prevented him from timely seeking habeas corpus relief. The United States Supreme Court and the Court of Appeals for the Fifth Circuit have recognized a possibility that mental incompetency might support equitable tolling of a limitation period in the context of the AEDPA's statute of limitations but neither has applied equitable tolling in this context. *See Kennedy v. Epps,* 2010 WL 2926047, *1 (S.D. Miss. July 21, 2010) (discussing *Lawrence v. Florida,* 549 U.S. 327 (2007) and *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The Fifth Circuit has declined to apply equitable tolling to a claimed lack of mental incompetence in several cases. See *Boothe v. Quarterman*, 326 F. App'x 257 (5th Cir. 2009); *Smith v. Kelly,* 301 F. App'x 375 (5th Cir. 2008); *Pena v. Johnson*, No. 00–41158, 2002 WL 1022044 (5th Cir. May 14, 2002); *Smith v. Johnson*, No. 00–10019, 2001 WL 43520 (5th Cir.

Jan.3, 2001); *Francis v. Johnson*, No. 99–50801, 2000 WL 1468760 (5th Cir. Sept.7, 2000); *Robinson v. Johnson*, No. 99–40291, 2000 WL 821450 (5th Cir. May 31, 2000).

Even assuming proof of mental incompetency can be a rare and exceptional circumstance that supports equitable tolling, Reeves has offered only assertions regarding his mental incompetency during the statutory filing period. He has presented no evidence. Reeves submits that he attempted to secure his medical records from prison medical providers but was told that the records would only be released upon the Court's request. (ECF No. 9, at 3). Reeves' allegations are that "from November 2013 until March 2015, [he] was under specialized treatment and observation at the MDOC medical intake unit, 720, until he was deemed mental[ly] competent enough to be housed with other inmates with severe mental illness . . . at East Mississippi Correctional Facility, EMCF in March 2015." *Id.* at 2. Reeves submits that he "was being treated for voices, hallucinations, mood swings, and depression" until "May, June, or July [ ] of 2016." *Id.* at 5. Reeves maintains that he filed his motion for postconviction relief in state court in October 2016, a few months after he was "no longer delusional, hearing voices, and hallucinating." *Id.*

Reeves' mental condition was an issue before the Circuit Court. The Circuit Court ordered a mental evaluation after Reeves was indicted. *Reeves,* 256 So. 3d at 634. Dr. W. Criss Lott, a clinical and forensic psychologist, evaluated Reeves on May 14, 2013. Dr. Lott's twenty-eight page report is contained in the record. (ECF No. 7-3, 19-46). Dr. Lott concluded that Reeves had a reasonable degree of rational

understanding in preparation of his defense and sufficient present ability to consult with his attorney. *Id.* Dr. Lott opined that Reeves had a rational as well as a factual understanding of the nature and the object of the legal proceeding against him. *Id.* at 5-6. The Circuit Court concluded that Reeves was competent to stand trial.

Dr. Lott also opined as to whether Reeves was legally insane at the time of the offenses, concluding that Reeves was not. Dr. Lott found that although Reeves was suffering a severe mental illness at the time of the offenses, comprised of an addictive disorder, bipolar mood disorder, and a history of mania and some paranoia, Reeves knew the difference between right and wrong at the time of the offenses. *Id.* at 6. The defense of insanity was not pursued because, on the same day as the competency hearing, Reeves signed a waiver of indictment and agreed to prosecution by information on the charge of second degree murder.

"The plea petition and the plea-hearing transcript both show Reeves was advised of and understood his constitutional rights, the nature of the charges against him, the minimum and maximum sentences for each charge, and the consequences of his guilty plea." *Reeves,* 256 So. 3d at 635. At sentencing, the Circuit Court was satisfied that Reeves understood his legal and constitutional rights and "knowingly, freely, voluntarily and intelligently entered a plea of GUILTY . . . ." (ECF No. 6-2, at 1). In the Order denying Reeves' motion for postconviction relief, the Circuit Court concluded that Reeves "demonstrate[d] his competency and mental acuity" by accepting a plea offer to dismiss the deliberate

design murder charge for a reduced charge of second degree murder. (ECF No. 7-1, at 43).

In order for mental incompetency to possibly toll the limitation period, Reeves would have to show "that he was incapacitated during substantially all of the time during which the statute was running, and further, that he was diligent about pursuing habeas relief once his mental incapacity ended." *Kennedy,* 2010 WL 2926053 at *2. It is not necessary for the Court to resolve whether Reeves was mentally incompetent during substantially all of the time during which the limitation period was running because Reeves did not act diligently in filing his federal habeas petition after he alleges that his mental incapacity ended.

Reeves filed his motion for postconviction relief in Circuit Court on October 2016, a few months after he maintains that he was "no longer delusional, hearing voices, and hallucinating." (ECF No. 9, at 2). Reeves did not file his federal habeas petition until January 2019. (ECF No. 1). The fact that Reeves may not have known that the postconviction proceedings in state court would not toll the AEDPA's one-year statute of limitations does not warrant equitable tolling. It is well settled that ignorance of the law is not sufficient to justify equitable tolling. *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002)). Reeves waited over two and a half years after he alleges that he "was no longer delusional, hearing voices, and hallucinating" to file his federal habeas petition. Reeves' lack of diligence in pursing federal habeas relief makes him ineligible for equitable tolling. *Smith,* 301 F. App'x at 376. Reeves' request for the

Court to secure his medical records should be denied because additional discovery will serve no purpose in light of Reeves' inability to prove diligence. *Id.* at 378.

### III. RECOMMENDATION

Respondent's Motion to Dismiss (ECF No. 6) should be granted and Edmond Denton Reeves' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus denied and dismissed with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of June, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE